# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS MCGOWAN, | Case No. 1:24-cv-00328-KES-BAM |
| Plaintiff, | **SCHEDULING CONFERENCE ORDER** |
| v. | Amendment to Pleadings: December 6, 2024 |
| RADIUS GLOBAL SOLUTIONS, LLC, | Initial Disclosure: October 18, 2024 |
| Defendant. | Expert Disclosure: May 16, 2025 |

Amendment
to Pleadings:          December 6, 2024

Initial Disclosure:    October 18, 2024

Expert Disclosure:     May 16, 2025

Supplemental
Expert Disclosure:     May 30, 2025

Non-expert
Discovery Cutoff:      May 1, 2025

Expert
Discovery Cutoff:      June 20, 2025

Pretrial Motion
Filing Deadline:       June 27, 2025

**Pre-Trial
Conference**:          **December 15, 2025, 1:30 p.m.
                        Courtroom 6 (KES)**

**Jury Trial**:        **February 24, 2026, 9:00 a.m.**
**(2 days)**            **Courtroom 6 (KES)**

1

1    This Court held a Scheduling Conference on September 25, 2024.  Plaintiff Marcus McGowan

2   appeared by Zoom video.   Counsel Tuan Van Uong appeared by Zoom video on behalf of Defendant

3   Radius Global Solutions, LLC.  Based on the Joint Scheduling Report submitted by the parties, and

4   pursuant to Federal Rule of Civil Procedure 16(b), this Court sets a schedule for this action.

5   **1.      Current Status of Consent to the Magistrate Judge Jurisdiction**

6        Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further

7   proceedings in this case, including trial, before the Honorable Barbara A. McAuliffe, U.S. Magistrate

8   Judge.

9   **2.      Amendment to the Parties' Pleadings**

10       All stipulated amendments or motions to amend shall be filed by **December 6, 2024**.

11  **3.      F.R.Civ.P. 26(a)(1) Initial Disclosures**

12       Initial disclosures shall be completed by **October 18, 2024**.

13  **4.      Discovery Cutoffs and Limits**

14       Initial expert witness disclosures by any party shall be served no later than **May 16, 2025**.

15  Supplemental expert witness disclosures by any party shall be served no later than **May 30, 2025**.

16  Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all

17  information required thereunder.  In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall

18  specifically apply to all discovery relating to expert witnesses and their opinions.  Each expert witness

19  must be prepared fully to be examined on all subjects and opinions included in the designations.

20  Failure to comply with these requirements will result in the imposition of appropriate sanctions, which

21  may include the preclusion of testimony or other evidence offered through the expert witness.  In

22  particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not

23  strictly complied with.

24       All non-expert discovery, including motions to compel, shall be completed no later than **May

25  1, 2025**.  All expert discovery, including motions to compel, shall be completed no later than **June 20,

26  2025**.  Compliance with these discovery cutoffs requires motions to compel be filed and heard

27  sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted

28  discovery time.  A parties' failure to have a discovery dispute heard sufficiently in advance of the

1   discovery cutoff may result in denial of the motion as untimely.

2   **5.       Non-Dispositive Pre-Trial Motions**

3         Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Barbara A.

4   McAuliffe, United States Magistrate Judge, in Courtroom 8.  Before scheduling such motions, the

5   parties shall comply with Local Rule 230 or Local Rule 251.

6         Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion

7   will be denied without prejudice and dropped from calendar.  In addition to filing a joint statement

8   electronically, a copy of the joint statement shall also be sent Judge McAuliffe's chambers by email to

9   bamorders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one

10   **telephonic or in person conference** as part of their obligations to meet and confer in good faith to

11   resolve their discovery dispute prior to seeking judicial intervention.  The parties are further cautioned

12   that boilerplate objections to written discovery will be summarily denied.

13         Upon stipulation of the parties, Judge McAuliffe will resolve discovery disputes by informal

14   telephonic conference outside the formal procedures of the Local Rules and Federal Rules of Civil

15   Procedure governing noticed motions to compel.  The procedures for requesting an informal

16   telephonic conference are set forth in Judge McAuliffe's Case Management Procedures located on the

17   Court's website, http://www.caed.uscourts.gov.  If the parties stipulate to an informal ruling on a

18   discovery dispute that arises during a deposition, they may request an informal ruling during the

19   deposition by contacting Judge McAuliffe's Courtroom Deputy, Esther Valdez, by telephone at (559)

20   499-5788.

21         The parties are advised that unless prior leave of the Court is obtained, all moving and

22   opposition briefs or legal memorandum in civil cases before Judge McAuliffe shall not exceed twenty-

23   five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page

24   limitations do not include exhibits.  Briefs that exceed this page limitation, or are sought to be filed

25   without leave, may not be considered by the Court.

26         ***Young Attorneys and Motions before Judge McAuliffe***:  Hearings on motions before Judge

27   McAuliffe are often vacated and submitted upon the record and briefs.  *See* L.R. 230(g).  However, the

28   Court recognizes the value and importance of training young attorneys, and the Court encourages the

1    parties to consider assigning the oral argument to an attorney with seven (7) years or less experience

2    out of law school. If any party provides notification that a young attorney from at least one party will

3    argue the motion, the Court will hold the hearing as scheduled. The parties shall so notify the Court by

4    separately including a section after the conclusion of the motion, opposition, or reply briefing

5    requesting the hearing remain on calendar. If no party provides such notice, the hearing may be

6    vacated without further notice.

7    **6.      Dispositive Pre-Trial Motions**

8        All dispositive pre-trial motions shall be filed no later **June 27, 2025**, and heard pursuant to the

9    Local Rules in Courtroom 6 (KES) before United States District Judge Kirk E. Sherriff.  In scheduling

10   such motions, counsel shall comply with **Fed. R. Civ. P 56 and Local Rules 230 and 260**.

11       *Motions for Summary Judgment or Summary Adjudication*:  Prior to filing a motion for

12   summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person

13   or by telephone, and confer to discuss the issues to be raised in the motion.

14       The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a

15   question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole

16   or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the

17   issues for review by the court; 5) explore the possibility of settlement before the parties incur the

18   expense of briefing a summary judgment motion; and 6) to arrive at a Joint Statement of Undisputed

19   Facts.

20       The moving party shall initiate the meeting and provide a draft of the Joint Statement of

21   Undisputed Facts.  **In addition to the requirements of Local Rule 260, the moving party shall file**

22   **a Joint Statement of Undisputed Facts.**

23       In the Notice of Motion, the moving party shall certify that the parties have met and conferred

24   as ordered above or set forth a statement of good cause for the failure to meet and confer.

25   **7.      Settlement Conference**

26       A Settlement Conference has not been scheduled.  As discussed at the Scheduling Conference,

27   the parties will be provided with proposed dates to schedule a settlement conference.  If a settlement

28   conference is set, the parties are advised that unless otherwise permitted in advance by the Court, the

4

1  attorneys who will try the case shall appear at the settlement conference with the parties and the

2  person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

3  **8.      Pre-Trial Conference Date**

4          The pre-trial conference is set for **December 15, 2025, at 1:30 p.m. in Courtroom 6 (KES)**

5  and will be heard before United States District Judge Kirk E. Sherriff.

6          The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**.

7  The parties are further directed to submit a digital copy of their Pretrial Statement in Word format,

8  directly to Judge Sherriff's chambers by email at kesorders@caed.uscourts.gov.

9          Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** for the Eastern

10  District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The

11  Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the

12  Local Rules, the Joint Pretrial Statement shall include a Joint Statement of the Case to be used by the

13  Court to explain the nature of the case to the jury during voir dire.

14  **9.      Trial Date**

15          Trial is set for **February 24, 2026, at 9:00 a.m. in Courtroom 6 (KES)** before United States

16  District Judge Kirk E. Sherriff.

17          A.      This is a jury trial.

18          B.      Estimate of Trial Time:        2 days.

19          C.      Counsels' attention is directed to Local Rule 285 for the Eastern District of California.

20  **10.      Effect of This Order**

21          This order represents the best estimate of the court and counsel as to the agenda most suitable

22  to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties

23  determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to

24  notify the court immediately of that fact so that adjustments may be made, either by stipulation or by

25  subsequent status conference.  **The dates set in this Order are considered to be firm and will not**

26  **be modified absent a showing of good cause even if the request to modify is made by stipulation.**

27  **Stipulations extending the deadlines contained herein will not be considered unless they are**

28  **accompanied by affidavits or declarations, and where appropriate, attached exhibits, which**

5

1    **establish good cause for granting the relief requested.**  The failure to comply with this order may

2    result in the imposition of sanctions.

3

4    IT IS SO ORDERED.

5        Dated:    **September 25, 2024**                    /s/ *Barbara A. McAuliffe*

6                                                        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28