UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS MCGOWAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC,<br><br>　　　　Defendant. | Case No. 1:24-cv-00328-KES-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. 17)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Marcus McGowan, proceeding *pro se*, initiated this action for violation of the Fair Debt Collection Practices Act against defendant Radius Global Solutions, LLC. (Doc. 1.) Defendant filed the instant motion for judgment on the pleadings on December 18, 2024. (Doc. 17.) Plaintiff did not file an opposition to the motion, and the motion was submitted pursuant to Local Rule 230(g). (Doc. 19.) On August 21, 2025, the motion was referred to the undersigned for the preparation of findings and recommendations. (*See* Doc. 20.)

Having considered the unopposed motion and the record in this action, the Court will recommend Defendant's motion for judgment on the pleadings be granted.

**I.　Background**

Plaintiff's complaint asserts a single claim for violation of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges that he is a consumer, the alleged debt arose from a financial obligation that was primarily for personal, family or household purposes, and Defendant

1

is a debt collector engaged in the collection of debts from consumers using the mail and telephone. (Doc. 1, Complaint ¶¶ 3, 5-6.) Specifically, Plaintiff alleges:

> On or about January 2, 2024, Mr. McGowan received a dunning letter form Radius attempting to collect a debt owed to American Express.
>
> On or about January 12, 2024 sent a letter back "I refuse to pay the debt." Pursuing to 15 U.S.C 1692c(c).
>
> January 17, 2024 11:53am received the letter (9589071052701465670804)
>
> On or about February 14, 2024 Mr. McGowan received an email from Radius Seeking payment which was in violation of 15 USC 1692c(c).
>
> On or about February 23, 2024 Mr McGowan received an email from Radius Seeking payment which was in violation of 15 USC 1692c(c).
>
> On or about March 1, 2024 Mr. McGowan received an email from Radius Seeding payment which was in violation of 15 USC 1692c(c).

(Compl. ¶¶ 7-12.) Plaintiff claims he has suffered actual damages as a result of the collections communications by Defendant "in the form of anger, anxiety, seclusion upon intrusion, decreased ability to focus on task while at work, frustration, amongst other negative emotions." (*Id.* ¶ 13.)

Plaintiff filed this action on March 19, 2024, asserting Defendant violated § 1692c(c) of the FDCPA by failing to cease collections after receiving written notice. He seeks actual and statutory damages, along with costs. (Compl. ¶¶ 14-17.) Defendant answered the complaint on July 23, 2024. (Doc. 7.) The Court set a deadline of December 6, 2024, for amendment of the pleadings. (Doc. 14.)

On December 12, 2024, Defendant filed a motion for judgment on the pleadings. (Doc. 15.) The district court denied the motion without prejudice based on the failure to provide a meet and confer certification. (Doc. 16.) Defendant refiled the motion on December 18, 2024, with a certification regarding meet and confer efforts. (Doc. 17.) Plaintiff did not file an opposition to the motion, and the failure is construed by the Court as a non-opposition to the motion. L.R. 230(c).

**II.     Legal Standards**

    **A. Motion for Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but

1   early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ.
2   P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6)
3   because, under both rules, a court must determine whether the facts alleged in the complaint,
4   taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102,
5   1108 (9th Cir. 2012) (internal quotation marks and citation omitted).

6   The district court "must accept all factual allegations in the complaint as true and construe
7   them in the light most favorable to the non-moving party." *Fleming*, 581 F.3d at 925. However,
8   the court "need not assume the truth of legal conclusions cast in the form of factual allegations."
9   *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on
10  the pleadings is properly granted when, taking all the allegations in the non-moving party's
11  pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan*
12  *Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).

13  If the court "goes beyond the pleadings to resolve an issue," judgment on the pleadings is
14  improper and "such a proceeding must properly be treated as a motion for summary judgment."
15  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); Fed. R.
16  Civ. P. 12(d). "A district court may, however, 'consider certain materials — documents attached
17  to the complaint, documents incorporated by reference in the complaint, or matters of judicial
18  notice — without converting the motion to dismiss [or motion for judgment on the pleadings] into
19  a motion for summary judgment.'" *Special Dist. Risk Mgmt. Auth. v. Munich Reinsurance Am.,*
20  *Inc.*, 562 F. Supp. 3d 989, 994 (E.D. Cal. 2021) (quoting *United States v. Ritchie*, 342 F.3d 903,
21  908 (9th Cir. 2003)).

22  **III.    Discussion**

23  The purpose of the FDCPA is to eliminate abusive debt collection practices by debt
24  collectors. 15 U.S.C. § 1692(e). "In order to state a claim under the FDCPA, a plaintiff must
25  show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal
26  purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the
27  provisions of the FDCPA." *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D.
28  Cal. 2011); *see also Norton v. Mandarich L. Grp., LLC*, No. 1:22-cv-0327 JLT SKO, 2023 WL

1 | 2617077, at *3 (E.D. Cal. Mar. 23, 2023).

2 As to the fourth element, Plaintiff 's claim is based on an alleged violation of §1692c(c), which, outside of limited exceptions not raised here, prohibits a debt collector from communicating with a consumer after the consumer "notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer." 15 U.S.C. § 1692c(c). Thus, to state a claim in the instant action, Plaintiff must allege that he notified Defendant in writing that he refused to pay the debt. 15 U.S.C. § 1692c(c).

Relevant here, the complaint alleges that "[o]n or about January 12, 2024 [Plaintiff] sent a letter back 'I refuse to pay the debt.'" (Compl. ¶ 8.) The January 12, 2024 letter is not attached to the complaint. However, Defendant attached the letter to its motion, which it variously characterizes as a "gleeful Christmas essay," and a "longwinded Christmas Letter." (Doc. 17 at 5, 8.) The letter is seven paragraphs in length and begins:

> Christmas is a cherished holiday known for its deep-rooted traditions, festive spirit, and the feeling of warmth and togetherness it brings to people around the world. It is celebrated on December 25th each year, marking what is believed to be the birth of Jesus Christ, a central figure in Christianity. Beyond its religious significance, Christmas has evolved into a universal season of giving, family reunions, and a time for reflection on the closing year.

(Doc. 17-1, Ex. A to Declaration of Tuan V. Uong.)[1] The letter then proceeds to discuss the holiday season, with paragraphs devoted to, among other things, "the sights and sounds of Christmas decorations," "its distinct melodies," "[g]ift-giving," and the "culinary delights of Christmas." (*Id.*) Embedded in Plaintiff's discussion of "twinkling lights," "evergreen Christmas trees," "carols and holiday songs," and "fruitcakes, gingerbread houses, and pies" is the following sentence: "The act of giving is not limited to material goods, as many volunteer their time and

---

[1] Plaintiff's January 12, 2024 letter forms the basis of his claim that Defendant violated the FDCPA and is incorporated by reference into the complaint. When ruling on motion for judgment on the pleadings, the court may consider documents incorporated into the complaint by reference. *See Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021).

4

1  resources to help those less fortunate during the season and this is why I refuse to pay this debt."
2  (*Id.*)

3    Defendant argues that the "purposely buried sentence is the sole basis for Plaintiff's
4  FDCPA claim," and "Plaintiff's clear attempt to bait [Defendant] into committing an FDCPA
5  violation fails due to entangling his alleged refusal into such a long and completely unrelated
6  story that cannot possibly be construed to have put [Defendant] on reasonable notice of his
7  alleged refusal to the pay the undisputed debt owed."  (Doc. 17 at 6.)  Defendant therefore
8  contends that Plaintiff cannot show that he provided reasonable written notice of his refusal to
9  pay to Defendant and, consequently, cannot state a claim upon which relief may be granted. (Doc.
10 17 at 8.)

11   "Section 1692c(c) does not provide specific words that a consumer must use to notify a
12 debt collector that he or she is refusing to pay a debt, but the burden nonetheless remains on the
13 consumer to provide actual notice of the refusal." *Jackson v. Fin. Recovery Servs., Inc.,* No.
14 1:24-cv-20463-PCH, 2024 WL 2839321, at *2 (S.D. Fla. May 3, 2024).  "[W]ithout proper notice
15 by a consumer, the debt collector's obligation to cease communications is not triggered, and,
16 therefore, it cannot be held liable for continuing to communicate with the consumer." *Id.*

17    In *Jackson*, the court considered whether a consumer's five-line love poem with an
18 included line that her "heart knew I refused to pay" was sufficient notice that she was refusing to
19 pay the debt.[2]  2024 WL 2839321, at *2.  The court explained that the statute places the burden
20 on the consumer to make her position clear, but because the poem failed to do that, she could not
21 state a viable claim under § 1692c(c).  It was the court's view that the plaintiff "needed simply to
22 state in plain, understandable language that she was refusing to pay the debt," but her choice "to

---

[2] The poem read:

> Roses are red, violets are blue
> the first time I saw you my
> heart knew I refused to pay.
> If you were a flower I'd pick
> you

*Jackson*, 2024 WL 2839321, at *2.

5

1 craft and send Defendant an ambiguous and confusing poem . . . inappropriately shift[ed] the

2 burden onto Defendant," and was insufficient to state a claim. *Id.* at *3.

3       Similar to *Jackson*, rather than state in plain, clear language that he refused to pay the

4 debt, Plaintiff chose to craft a seven-paragraph letter regarding the Christmas season. (Doc. 17-1,

5 Ex. A.) The Court finds that Plaintiff failed to satisfy his burden of notifying Defendant that he

6 was refusing to pay the debt under § 1692c(c), and instead improperly shifted the burden to

7 Defendant to speculate as to the letter's meaning. *See Norton*, 2023 WL 2617077, at *4

8 (explaining that "under the plain language of the statute, *the consumer* must give written

9 notification to the identified *debt collector*, who may be liable under Section 1692c(c) after

10 receiving the notice"). The refusal language is buried in the letter and appears to suggest that

11 Plaintiff "refuse[s] to pay this debt" because he is "volunteer[ing] [his] time and resources to help

12 those less fortunate during the season." (Doc. 17-1, Ex. A.) As Defendant notes, there is a

13 difference between unequivocally refusing to pay a debt and refusing to pay a debt during the

14 Christmas season. (Doc. 17 at 9.) Further adding to the ambiguity is the fact that Plaintiff sent

15 the letter on January 12, 2024, and it allegedly was received on January 17, 2024, more than three

16 weeks after the Christmas holiday. (Compl. ¶¶ 8- 9.) As Defendant posits, it is unclear from the

17 letter whether Plaintiff only refuses to pay during the holiday season while volunteering his time

18 and resources or, because Christmas had long passed by the time Defendant received the letter,

19 Plaintiff presently refuses to pay. (Doc. 17 at 9.) The Court concludes that Plaintiff failed to state

20 in clear, unequivocal language that he was refusing to pay the debt, and the January 12, 2024

21 letter is insufficient to state a claim under § 1692c(c).

22     **IV.**    **Leave to Amend**

23     "Courts have discretion in appropriate cases to grant a Rule 12(c) motion with leave to

24 amend, or to simply grant dismissal of the action instead of entry of judgment." *See Special Dist.*

25 *Risk Mgmt. Auth*, 562 F. Supp. 3d at 994 (citations omitted). "Generally, dismissal without leave

26 to amend is proper only if it is clear that 'the complaint could not be saved by any amendment.'"

27 *Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co.*, 648 F. Supp. 3d 1205, 1221 (E.D. Cal.

28 2022) (quoting *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007); *see also*

*Ascon Props., Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint ... constitutes an exercise in futility").

Because Plaintiff's FDCPA claim is based solely on his January 12, 2024 letter, which is insufficient under § 1692c(c), the Court finds that any amendment would be futile.

### V.     Conclusion and Recommendation

Based on the above, it is HEREBY RECOMMENDED that Defendant's motion for judgment on the pleadings, (Doc. 17), be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 15, 2025**           /s/ *Barbara A. McAuliffe*           
                                          UNITED STATES MAGISTRATE JUDGE